# CHARLESTON.

FRANKS vs. CRAVENS, ET ALS.

1873.
January
Term.

OWEN FRANKS, PLAINTIFF AND APPELLANT, *against* WILLIAM CRAVENS, A. J. BOREMAN, H. H. DILS, SHERIFF OF WOOD COUNTY AND AS SUCH ADMINISTRATOR OF D. C. SOUTH, DECEASED, JOSEPH LYONS, DAVID JOHNSON, WILLIAM B. CORNELL, R. VAN WINKLE, LAURENCE KINCHELOE AND JOHN S. MEADE, DEFENDANTS AND APPELLEES.

Decided February 22d, 1873.

## SYLLABUS.

A tract of land is conveyed in trust to secure a debt to A. At the date of the deed, an engine, boiler, and other machinery used as, or in connection with, a saw mill, were upon the land. Subsequently these articles are removed to another tract of land several miles distant, and as such, while there, are again conveyed in trust to secure a debt due to another creditor, and subsequently sold, and pass into the possession of other parties: A bill is filed by the *cestui que trust* in the first deed against the purchasers, who had been in the possession of the property for some years, to compel its restoration to himself, or his trustee, on the ground that it was trust property, and was a part of the freehold, and bought with notice of these facts. HELD,

24

1873.
January
Term.

1. That although this property may have been a part of the freehold, it was, by its removal from the land on which it was first located, converted into personal property, as between the creditor and third parties, whatever its nature before.

2. The Plaintiff having a complete remedy at law for its recovery, equity can give no relief.

The cause is stated in the opinion of the Court.

*Hutchinson* for Appellant.

1st. It was error to dismiss the bill, because its object was two-fold; one to appoint a trustee in the place of Mr. Van Winkle, who refused to act. The other to enforce the trust against the fixtures, etc.

That equity will not permit a trust to fail for want of a trustee; but has a peculiar jurisdiction in the appointment and enforcement of the duties of trustees, see the following authorities. 2 Rob. (Old) Prac. 72; Banister and Wife *vs.* McKenzie 6 Munf. 447; Lee *vs.* Randolph, 2 Hen. & Munf. 12; 2 Story Eq., Sections 975 and 1061; DePeyster *vs.* Clendening, 8 Paige 310; 2 Madd. Ch. 459; Lewis *vs.* Lewis, 1 Cox 162; Faulkner *vs.* Davis, 18 Grat. 677.

2d. The saw mill, engine, and boiler, were fixtures; parts of the freehold, and were subject to the lien of the deed of trust executed by Cravens to Spencer (in whose place Van Winkle was substituted) to secure Franks the purchase money due for the sale of the steam engine, etc., to Cravens.

The proof, agreeing with the more ancient doctrine of the law of fixtures, shows that the engine and boiler were parts of the land by the fact of being firmly and permanently embedded in the soil. But the more modern rule is to view everything as a fixture which has been attached to the realty, with reference to the purposes for which it is held or employed, however slight or temporary the connection between them. Wilde *vs.* Waters, 16 C. B. 687; Farrar *vs.* Stackpole, 6 Greenl.

157; Trull *vs.* Fuller, 28 Maine 545; Kirwan *vs.* Latour, 1 Har. and J. 289; Gray *vs.* Holdship, 17 Serg. R. 413; Morgan *vs.* Arthurs, 3 Watts 140; Murdock *vs.* Harris, 20 Barb. 407.

Thus, a steam engine erected for the purpose of furnishing the motive power of a manufactory is to be regarded as a fixture; as a part of the manufactory itself. Oves *vs.* Oglesby, 7 Watts 106.

The true test of a fixture is to be found in the relation which it bears to the use of the freehold.—Voorhis *vs.* Freeman, 2 W. & S. 116.

In Christian *vs.* Dripps, 4 Casey, 271, the Court held that the act of a partner in bringing a lathe into a machine shop, *which had been sold to his firm under a contract that still remained unfulfilled on their part, and using it in common with the other machinery in the course of the business, made it so irrevocably a part of the freehold,* that it could not be removed by him on the dissolution of the partnership, *and it became the property of the vendor upon his re-entry for the non-payment* of the purchase money, although not actually fastened to the floor or walls, and deriving the character of a fixture from its adaptation to the use for which the building was employed.

But the very point in the case at bar arose in Winslow *vs.* Merchants' Ins. Co. 4 Metc. 306. There the question was, whether a steam engine and the other machinery of a manufactory were to be considered as fixtures, *and had vested as such in the defendants, under a mortgage of the building prior to the period at which they were erected,* in opposition to the plaintiffs, who claimed under a subsequent specific mortgage of the machinery itself. It was held by the Court that this question depended, not on whether the machinery was actually affixed to the building, but, on whether it was permanent in its character, and essential to the purposes for which the building was occupied.

In the case at bar, the deed, of trust of Wm. Cravens to John C. Spencer, trustee, dated 21st August, 1858, was executed after the mill, steam engine, and boiler were erected on the land mentioned in the deed. The engine and boiler were permanent, and of the size used for such mills. It was not a portable engine. *The trust deed was executed on the premises, a short distance from the mill.* The steam engine and boiler were regarded by the parties at the time the deed of trust was executed as parts of the realty.

Buckley *vs.* Buckley, 11 Barb. 42; Davis *vs.* Moss, 2 Wright 346; Trull *vs.* Fuller, 28 Maine 545; Corliss *vs.* McLagin, 28 Id. 115; Harkness *vs.* Sears, 26 Alabama 492, 497; Wadleigh *vs.* Janvier, 41 N. H. 503; Sweetzer *vs.* Jones, 35 Ver't. 317; Burnside *vs.* Twitchell, 43 N. H. 388; Lyford's case, 11 Coke 50.

3d. Whether the ancient or modern rule governs in this case, as to what annexation to the freehold is necessary to constitute a fixture, *quacunque via data*, the steam engine and boiler in controversy were fixtures on the land embraced in the deed of trust of August 31st, 1858. And being so, they became incidents and parts of the fee, and conform to the laws by which it is governed.

*Quicquid plantatur solo, solo cedit*, 1 Greenl. Cruise Dig. 41; Sudbury *vs.* Jones, 8 Cushing, 189, 2 Lomax Dig. 211; pl. 13. They become the property of a mortgagee as against the mortgagor, and those claiming under him. Voorhis *vs.* Freeman 2 W. & S. 116; Union Bank *vs.* Emerson, 15 Mass. 159; Winslow *vs.* The Merchants' Ins. Co. 4 Metc. 306; Day *vs.* Perkins, 2 Sandf. Ch. 359.

And this whether they were erected before or subsequent to the mortgage.—Butler *vs.* Page, 7 Metc. 40; Corliss *vs.* McLagin, 29 Maine 115; McKin *vs.* Mason, 3 Mayl. Ch. 186; Goddard *vs.* Chase, 7 Mass. 432; Har-

1873.
January
Term.

Franks,
v.
Cravens et als.

lan *vs*. Harlan, 3 Harris (Pa.) 507; Gray *vs*. Holdship, 17 Serg. and R. 413; Noble *vs*. Bosworth, 19 Pick. 314; Mott *vs*. Palmer, 1 Comstock 564; Winslow *vs*. Insurance Co. 4 Metc. 306.

The fact of severance does not affect the right of the *cestui que trust*, or mortgagee.—Fay *vs*. Muzzy, 13 Gray 56; Bishop *vs*. Bishop, 1 Kirwan 125; Wadleigh *vs* Janvier, 41 N. Hamp. 505.

4th. The right to remove fixtures, as between landlord and tenant, does not exist to the same extent between the heir and the personal representative. The right of vendees, mortgagees, and other purchasers of land, to treat the chattels upon it as fixtures, is said to stand upon the same footing as that of the heir. Murdock *vs*. Gifford, 20 Barb. 407; 18 N. Y. 28; Cohen *vs*. Kyler, 27 Mo. 122. A purchaser by deed, trust, or mortgage, will, in acquiring the soil, also acquire *everything that is attached to it when conveyed*.—Richardson *vs*. Copelad, 6 Gray 556; Fay *vs*. Muzzy, Id. 56; Wadleigh *vs*. Janvier *ut supra;* Harkness *vs*. Sears *ut supra;* Tabor *vs*. Robinson, 36 Barb. 483; Amos and Ferrard on Fixtures, 11.

Mortgagees and *cestuis que trust* stand upon the same footing as purchasers, in respect to things actually or constructively annexed to the freehold.—Maples *vs*. Mellen, 31 Conn. 598; Laflin *vs*. Griffiths, 35 Barb. 58; Snedeker *vs*. Warring, 2 Kernan, 174; Burnside *vs*. Twitchell, 43 N. Hamp. 388; Brennan *vs*. Whitaker, 15 Ohio St. 446; Cole *vs*. Stewart, 11 Cush. 181; Sparks *vs*. State Bank, 7 Blackf. 469; Walmsley *vs*. Milne, 7 Com. Bench (N. S.) 115; 2 Washburn Real Prop. 148 pl. 43; Roffy *vs*. Henderson, 17 Q. B. 574.

It is provided by statute (Code ch. 72, sec. 10, p. 466,) that "every deed conveying land, shall, unless an exception be made therein, be construed to include all buildings, privileges and appurtenances of every kind belonging to the lands therein embraced." This rule was

applied in Walmsley *vs.* Milne, and Noble *vs.* Bosworth *ut supra*, 2 Smith Leading Cases, 286.

The severance of the engine, &c., from the land embraced in the deed of trust of August 21, 1858, by Craven or those claiming under him, after the execution and recordation of said deed of trust, could not deprive the *cestui que trust* of his lien on the same.

Caswell and Lyons had notice, actually as well as constructively, of the deed of trust of the Appellant. The deed of trust executed by Cravens to Foley on the 4th of April, 1861, was made after the severance of the mill, &c., and its erection on the land mentioned in that deed.

5th. It was error to hold that the Appellant's remedy was not in equity; because the trustee, in whom was the legal title to the property, having declined or refused to act, there was no person to execute the trust; no person who could assert the rights of the *cestui que trust* at law. Therefore, the remedy of Appellant was necessarily and only in equity, and hence the Court of Equity having jurisdiction to appoint a trustee should have done so and proceeded to direct the execution of the trust.—2 Rob. (Old) Prac. 72; 1 Fonb. Eq. B. 1 ch. 1, sec. 3; 1 Story Eq. secs. 64 k (and note) 65, 66.

"When," says Fonblanque, "this Court can determine the matter, it shall not be a handmaid to the other Courts, nor beget a suit to be ended elsewhere."—2 Fonb. B. 6 ch. 3, sec. 6; 1 Story Eq. secs. 71, 72, 73, and 74, where the American doctrine is stated; citing Armstrong *vs.* Gilchrist, 2 Johns Cas. 424; Rathbone *vs.* Warren, 10 Johns. 585; King *vs.* Baldwin, 17 Id. 384; Hepburn *vs.* Dundas, 1 Wheat. 187; Chichester's Ex'or *vs.* Vass' Admr., 1 Munf. 98, 104. See also Penn *vs.* Spencer, 17 Grat. 85.

6th. The Court below should have decided the question whether the steam engine, &c., were fixtures and embraced by the terms of the deed of trust under which Appellant claims, to-wit: August 21, 1858.

The principles announced in U. S. *vs.* Myers, 2 Brock. 516, sustain this proposition.

7th. The Court below should have entertained jurisdiction on the ground that it had the power to appoint a trustee as prayed for; and then, as the statute of limitations would bar a recovery in the name of the trustee in an action at law, the Court should have proceeded to make a final disposition of the case. U. S. *vs.* Myers *ut supra*. Penn *vs.* Spencer, 17 Grat. 85; Chichester *vs.* Vass, 1 Munf. 104, and cases cited to fifth point.

8th. The demurrer was overruled by Defendant Lyon's answer; because both go to the whole bill. In every case in which the demurrer and answer both go to the same matter, the latter will overrule the former. Clark *vs.* Phelps, 6 Johns. Ch. Rep. 214.

If there was a defect of parties to the bill, leave to amend should have been given.

*Small*, for Appellees.

PAULL, Judge.

On the 21st day of August, 1858, William Cravens and wife, conveyed to John C. Spencer, a certain tract or parcel of land in trust, to secure the payment of two single bills executed by said William Cravens to the Plaintiff, amounting jointly to $1,737.69. These bills were given to the Plaintiff in payment for a steam engine, boiler, and other machinery, suitable for running a steam saw mill: and the bill alleges that said Cravens erected on this land a building suitable for such a mill, and placed in or near it the said engine, boiler, and other machinery, and alleges other matters designed to show that said engine, &c., became a part of the freehold of said land.

A deed of trust prior in time, and on this same land, had been executed by Cravens and wife, to secure the purchase money due by Cravens upon its original purchase. Under this deed of trust, this tract of land was

sold, and a deed made to the purchaser, bearing date on the 15th day of June, 1864. This sale is in no way called in question in the present suit. The evidence shows that this engine, boiler, and machinery were removed from this land in 1860, and carried to another place some nine or ten miles distant; and while here, the said William Cravens conveys his steam saw mill, with all and singular its apparatus, to secure a debt due to another creditor. This deed is dated on the 4th day of April, 1861. The bill then alleges that Joseph Lyons, one of the creditors secured by said deed, afterwards purchased said engine, boilers, &c.; and that one W. B. Caswell, became the purchaser of an interest in said mill, engine, &c., and that they sold the same to Laurence Kincheloe and John S. Meade. The bill alleges that all these parties had full notice of the Plaintiff's lien on said mill, engine, &c., and that they were endeavoring to hinder and delay the Plaintiff in the collection of his debt. The prayer of the bill is, that the said engine, boilers, &c., be surrendered to a trustee, who the bill prays may be appointed in the place of John C. Spencer, the former trustee in said deed of trust executed for the benefit of Plaintiff, who had left the State; that Joseph Lyons be compelled to account for the use of said mill, &c., while in his possession, and for other and general relief.

The Defendant Joseph Lyons appears, and files a demurrer and answer to the bill. The demurrer recites, 1st. That the said bill doth not contain proper parties, and 2d. That the Complainant had a complete and ample remedy at law for the recovery of the engine in his bill mentioned.

It is unnecessary to notice the allegations in the answer. Some proofs were taken, and the cause came on to be heard in December, 1871, when the Court below sustained the demurrer to the bill, and the same was dismissed. From this ruling of the Court an appeal is taken to this Court.

1873.
January
Term.

Franks,
v.
Cravens et als,

It is unnecessary to consider the question, whether this property became a part of the freehold or tract of land which was conveyed in trust for the benefit of the Plaintiff, or not. By its subsequent severance and removal several miles distant from this land, it was converted, so far as the parties to this bill are concerned, into personal property, and it received this character from the date of its severance and removal. The debt to this Plaintiff from Cravens became due in December, 1858. This removal was made, according to the evidence, in 1860, and a deed of trust was executed upon it as personal property, for the benefit of Defendant, Joseph Lyons, in April, 1861, and subsequently he became the purchaser thereof. If this property was covered by the Plaintiff's deed of trust of 21st of August, 1858, and for the purposes of this argument it may be so regarded, there was nothing to have prevented him, or his trustee, from pursuing this property and reclaiming the same by an action of detinue or trover, in whosesoever possession it was found. Any issue affecting its title could have been fairly presented by proper pleadings in these actions, and a judgment been had according to the right of the case. This course, however, was not taken; but after more than five years have elapsed from the time of the removal of this property from the land, and from the time of the Plaintiff's right to pursue it in the mode that has been indicated, the Plaintiff files his bill to compel the parties who have purchased this property, and who had obtained a subsequent lien upon it, to restore its possession to himself or his trustee, on the ground that they had notice of the Plaintiff's previous lien; that consequently said purchasers had only an equitable title, which therefore, was cognizable in a court of equity.

The principle involved in this case has been clearly and definitely settled, that where the law gives a complete remedy, equity will not interfere; and in no case where the Plaintiff claims as an incumbrancer merely,

25

as in the cause under consideration. When courts of equity have interfered, it is where the remedy at law, from the nature of the case, or special circumstances of some kind, is incomplete. In the case of Bowyer *vs.* Creigh, 3 Rand., 25, a trustee and *cestui que trust* filed their bill of injunction to stop the sale of property conveyed by a deed of trust, claiming the same as a security for their debt. Here the sale of the trust subject had not been made, and the power of the Court was invoked to prevent it. The injunction was dissolved and an appeal taken. Judge Carr examined the case with great care and minuteness, pointing out the evils which would result from opening the doors of a Court of Equity, when the remedy at law was complete, as it was in that case, and delivered the opinion of the Court affirming the decree of the Court below. In the case before us the property claimed as trust property had been sold, and was in the possession of the Defendants for some years before this bill is filed, not to stop the sale, but to have its possession restored. If relief was refused in the former case, much more would it be in this. This doctrine was reviewed and re-affirmed in the case of Sheppards *vs.* Turpin, and Same *vs.* Stubbs, 3 Gratt., 373. In that case it was decided as follows: "Property conveyed in a deed of trust is taken under execution and sold at the instance of parties not claiming under the trust deed. Held, a Court of Equity will not entertain a suit by the trustee or *cestui que trust* against the purchaser at the sale under the execution, to recover the property; there being no obstacle in the way of their proceeding at law." I need not state the facts and circumstances in this case further than to say, that here, as in the case in 3 Rand., (supra,) and as in the case before this Court, it was trust property of which third parties had got the possession, and a bill in equity is filed for relief. Judge Daniel says that he could not see that the records present, in either case, any grounds for relief for which

the Plaintiffs in the Court below might not have had a plain, adequate, and complete remedy at law. The relief sought was denied. The grounds presented for relief here are not so strong, and I think in view of the cases cited, and of others then referred to, the Court below did not err in sustaining the demurrer to the Plaintiff's bill. But it is said that the Court had jurisdiction, in order to appoint a trustee in the place of John C. Spencer who had left the state. But had a trustee been appointed, he could not have prosecuted this suit, as we have seen, for the purposes indicated in the bill. Moreover, the *cestui que trust* could have prosecuted a suit at law in the name of the trustee for his own benefit.

With these views, the decree of the Circuit Court must be affirmed, with $30 damages and costs according to law to the Appellee.

HAYMOND, President, and HOFFMAN and MOORE, Judges, concur in the foregoing opinion.